## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3002 | **DATE** | 10/30/2002 |
| **CASE TITLE** | JUNE TONEY vs. L'OREAL USA, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted in part and denied in part. [7-1 & 9-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 01 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 02 OCT 31 AM 11:50 U.S. DISTRICT COURT | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUNE TONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 02 C 3002 |
| L'OREAL USA, INC., THE WELLA, ) | |
| CORPORATION, and WELLA ) | Honorable Ronald A. Guzman |
| PERSONAL CARE OF NORTH ) | |
| AMERICA, INC. ) | Hon. Ian H. Levin, Magistrate |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, June Toney, filed a complaint asserting two claims against Defendants, Wella Corporation, Wella Personal Care of North America, and L'Oreal USA, Inc. stemming from their alleged use of her image on packaging and promotional materials for a consumer product. Toney contends that defendants' use of her image (1) violated her publicity rights under the Illinois' Right of Publicity Act, 765 ILCS 1075/1 et seq., and (2) violated the Lanham Trademark Act of 1946, 15 U.S.C. § 1125(a). In response, defendant, L'Oreal filed a motion to dismiss plaintiff's complaint. Defendants, the Wella Corporation and Wella Personal Care of North America, Inc. substantially joined in L'Oreal's motion. For the reasons set forth in this opinion, defendants' motion to dismiss plaintiff's complaint is granted in part and denied in part.

Plaintiff, an Illinois resident, is a model who has appeared in print advertisements,



commercials, and runway shows. Complaint ¶2. A picture of Plaintiff appeared on the package of a hair relaxer product called "Ultra Sheen Supreme." Complaint ¶13, Exhs. 2-5. Plaintiff authorized Johnson Products to use her likeness on the Ultra Sheen Supreme relaxer product from November 1995 until November of 2000. *Id.* at ¶2. In August 2000, L'Oreal acquired the Ultra Sheen Supreme line of products from Carson Products Company, which had previously acquired the Ultra Sheen Supreme line from Johnson Products. Complaint ¶5. On or about December 2000, Wella purchased and assumed control of the Ultra Sheen Supreme line and brand from L'Oreal. Complaint ¶10. As alleged in the complaint, L'Oreal has not controlled the Ultra Sheen Supreme product since the line and brand were sold in December 2000. *Id.* ¶10.

Plaintiff approved the use of her likeness in connection with the packaging and promotion of the Ultra Sheen Supreme relaxer product through written authorization. Complaint ¶11-12. The purported agreement authorized a five year exclusive period whereby Plaintiff would not allow her likeness to be used on any other relaxer product packaging, and a similar one year period for national magazines. *Id.* Other uses of Plaintiff's likeness were allowed and envisioned by the purported agreement, but the fee payable to plaintiff was to be negotiated separately. *Id.* Plaintiff now alleges that Defendants used her likeness in connection with the packaging and promotion of the Ultra Sheen Supreme relaxer product beyond the period of time she gave authorization for.

In ruling on a motion to dismiss, a court must presume all of the well-pleaded allegations of the complaint to be true. *Mariee v. DeKalb County,* 433 U.S. 25, 27 n.2

(1977). A court must view those allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. Of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Federal Rules of Civil Procedure 12(b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### A. COUNT I

The Plaintiff argues that Defendants violated her publicity rights under the Illinois Right of Publicity Act, 765 ILCS 1075/1 et seq. ("Publicity Act). The Publicity Act allows an individual the "right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 ILCS 1075/10. Furthermore, the Publicity Act provides that " a person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person...or their authorized representative." 765 ILCS 1075/30. Section 301 of the Copyright Act expresses two conditions necessary to provide copyright preemption of such publicity rights: (1)The work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in §102 of the Copyright Act; (2) The right must be equivalent to one of the rights specified in §106. *Baltimore Orioles, Inc, v. Major League Baseball Players Association*, 805 F.2d 663, 674 (7th Cir. 1986); *Brode, Jr. v. Tax Management, Inc.*, 14 U.S.P.Q.2d 1195, 1202 (N.D. Ill. 1990). Defendants assert that both such conditions are satisfied and therefore Plaintiff's claim must be dismissed. This Court finds that the Defendants are correct in their assertion.

Plaintiff's likeness was fixed in a tangible form and comes within the subject

matter of copyright pursuant to Section 102. According to Section 101 of the Copyright Act, a

> work is "fixed" in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced or otherwise communicated for a period of more than transitory duration.

A work is "fixed" if a plaintiff has consented to it. *Ahn v. Midway Manufacturing Co.*, 965 F.Supp. 1134, 1138 (N.D. Ill. 1997). In *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, the court held that the performances of baseball players were "fixed" in tangible form because the performances were embodied in a videotape copy which could be communicated indefinitely. *Glovaroma, Inc. v. The Zappa Family Trust*, No. 96 C 3985, 1998 U.S. Dist. LEXIS 2399, at *16 (N.D. Ill. Feb. 25, 1998). Likewise, this Court also finds that plaintiff's likeness was "fixed" in tangible form. Plaintiff's likeness was photographed under her authority. Plaintiff's likeness was embodied in a photograph copy. Plaintiff's likeness was sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated indefinitely.

Plaintiff's publicity rights are equivalent to one of the rights specified in §106 of the Copyright Act. Section 106 of the Copyright Act grants the owner of a copyright the exclusive right to reproduce, distribute, display, perform and prepare derivatives of the copyrighted work. 17 U.S.C. 106. The right of publicity is equivalent to one of the rights in section 106 because it is infringed by distributing or preparing distributive works. *Zappa*, 1998 U.S. Dist. LEXIS 2399 at *17. *See also. Ahn*, 965 F. Supp. at 1138. Furthermore, in *Glovaroma v. Zappa*, the district court held that the plaintiff's right to publicity was equivalent to one of the rights in section 106 because it was infringed by

distributing or preparing derivative works. *Id.* at *17-18. Likewise, this Court finds that plaintiff's right to publicity in her photographed likeness is equivalent to one of the rights in section 106 because it could be infringed by distributing or preparing distributive works.

Accordingly, because both conditions mandated by the Copyright Act for preemption have been satisfied, Count I of plaintiff's claim under the right of publicity is preempted, and, therefore, dismissed. Plaintiff can not prove any set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957.

Alternatively, the Defendants argue that Plaintiff's claim under the Illinois Right of Publicity Act should be dismissed because it is time barred by a one year statute of limitations. This Court rejects such argument. Defendants, try to equate the Illinois Right of Publicity Act with the right of privacy which has a one year statute of limitations. However, these two rights are clearly different. "It is true that the rights of publicity and of privacy evolved from similar origins; however, whereas the right of privacy protects against intrusions on seclusion, public disclosure of private facts, and casting an individual in a false light in the public eye, the right of publicity protects against the unauthorized exploitation of names, likenesses, personalities, and performances that have acquired value for the very reason that they are known to the public." *Baltimore Orioles*, at 678. The Illinois Right of Publicity Act does not explicitly, within the statutory provisions of the Act, provide for a statute of limitations. Because there is no statute of limitation explicitly specified within the confines of the Act, this Court finds that the statute of limitations that applies in this instance is 735 ILCS 5/13-205, which provides a five-year period to commence civil actions related to, among

other things, injury done to real or personal property and also, civil actions not otherwise provided for. Plaintiff alleges that Wella purchased the Ultra Sheen Supreme line and brand from L'Oreal on or about December 2000. Plaintiff filed her complaint on March 20, 2002; which is clearly within the time frame mandated by the five year statute of limitations applicable here.

## B. COUNT II

Plaintiff argues that Defendants unfairly competed with "her right to control the use of her likeness for commercial purposes in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1125(a)." Section 43(a) of the Lanham Act "is an appropriate vehicle for the assertion of claims of falsely implying the endorsement of a product or service by a real person." *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. 1992). Under Section 43(a) of the Lanham Act, a defendant may be liable for unfair competition if he makes false representations concerning the origin, association or endorsement of goods or services through the wrongful use of another's *distinctive mark, name, trade dress, or other device* (otherwise known as 'false association' or 'false endorsement'). *L.S. Heath & Son, Inc. v. AT&T Information Sys., Inc.*, 9 F.3d 561, 575 (7th Cir. 1993). To prevail on a claim under Section 43(a), Plaintiff must establish that the item for which she seeks protection, namely her image, "has either acquired secondary meaning or is inherently distinctive." *Door-Oliver, Inc. v. Fluid-Quip, Inc.*, 94 F.3d 376, 380 (7th Cir. 1996). *See also. Production Contractors, Inc. v. WGN Continental Broadcasting Co.*, 622 F.Supp. 1500, 1504 (N.D. Ill. 1985); *McMahon v. City of Chicago*, No. 98 C 8026, 1999 U.S. Dist. LEXIS 7964, at *4, 8-9 (N.D. Ill. May 14, 1999). Moreover, the plaintiff alleging unauthorized use of her likeness must show that her likeness was recognizable. *Pesina v.*

*Midway Manufacturing Co.*, 948 F.Supp. 40, 42 (N.D. Ill. 1996).

Taking the Plaintiff's allegations as true, that is, that "Johnson Products and its successors, Defendants L'Oreal and Wella, have used and continue to use Ms. Toney's likeness on Ultra Sheen relaxer packaging and in other media, including phone cards, magazines, posters, point of purchase materials and the Internet, beyond the terms outlined in Ms. Kriz's letter," it is still unclear at this stage of the litigation whether Plaintiff is widely known or that her image has attained secondary meaning. Complaint ¶13. All that Plaintiff has established is that she has been in some print advertisements, commercials, and runway shows.

Furthermore, and specifically in this case, in order to prevail on a claim under Section 43(a) Plaintiff must show that (1) Defendants made false representations about Plaintiff's endorsement or association of the Ultra Sheen Supreme product; (2) the misrepresented product travels in interstate commerce; (3) the misrepresentations are likely to deceive a substantial segment of the intended audience as to the source or sponsorship of the product; and (4) the misrepresentations are material, in that they are likely to cause injury. *McMahon*, 1999 U.S. Dist. LEXIS 7964, at *6. *See also. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999); *American Broadcasting Co. v. Maljack Prods., Inc.*, 34 F. Supp 2d 665, 677 (N.D. Ill. 1998); *Brandt Consolidated, Inc. v. Agrimar Corp.*, 801 F.Supp. 164, 174 (C.D. Ill. 1992).

It is also unclear whether Plaintiff has established that Defendants made false representations about Plaintiff's endorsement or association of said products. In *L.S. Heath & Son, Inc. v. AT&T Information Sys., Inc.*, the court affirmed the district court's holding that rejected the plaintiff's (Heath's) false endorsement claim on the ground that

Heath consented to AT&T's association with Heath in an advertisement. *L.S. Heath & Son, Inc.*, 9 F.3d at 575. It appears that Plaintiff, through written authorization gave Defendants permission to use her image in connection with the Ultra Sheen Supreme product and therefore, the representation cannot, as a matter of law, be false. Discovery will reveal the extent of this authorization.

Plaintiff has not set forth facts to support the conclusion that a substantial segment of the intended audience would believe that Plaintiff endorsed said product solely on the use of her image either. In *Pelton v. Rexall Sundown, Inc.*, the court held that "one appearance in a Sports Illustrated Swimsuit Issue in 1984 and some advertising work for well-known consumer products does not deliver celebrity status." No. 99 Civ. 4342 (JSM), 2001 U.S. Dist. LEXIS 3825, at *7-10 (S.D.N.Y. Apr. 2, 2001). Plaintiff must show that she was a "celebrity" when the Defendants used her persona, name, and likeness; otherwise, her identity does not constitute an economic interest protectable under the Lanham Act. *Pesina*, 948 F.Supp. at 43. This Court questions whether Plaintiff is of celebrity status but discovery will resolve this material fact also. Plaintiff herself does not allege or establish that she is recognizable.

Despite such obvious deficiencies we take the allegations of Plaintiff's complaint as true and concluded that sufficient facts support Plaintiff's Lanham Act claim. Therefore, Defendants' motion to dismiss Count II is denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted in part and denied in part (#7-1, #9-1).

SO ORDERED.                                  ENTERED: 10/30/02

*(signature)*

Honorable Ronald A. Guzman
U.S. District Judge