**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUNE TONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 3002 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| L'OREAL USA, INC., THE WELLA | ) | |
| CORPORATION, and WELLA PERSONAL | ) | Magistrate Judge Ian H. Levin |
| CARE OF NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

FILED
SEP 1 9 2005
CLERK, MICHAEL W. DOBBINS
U.S. DISTRICT COURT

## DEFENDANT L'OREAL USA, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

The Amended Complaint filed by Ms. Toney far exceeds the scope of the amendment Plaintiff proposed to this Court. Contrary to the representations of Plaintiff's counsel, the Amended Complaint expands, rather than streamlines, the scope of the litigation. The Amended Complaint asserts three new causes of action, one of which was previously dismissed with prejudice and one of which Plaintiff was previously denied leave to file. The Amended Complaint also asserts 58 new paragraphs of allegations against fourteen new defendants, including two European corporations. Plaintiff's amendments convert a simple case asserting a single cause of action against three defendants into a multifaceted dispute with numerous defendants located across the country and around the globe. Yet, Plaintiff has alleged no new evidence or explained any reason for the three-year delay in filing such a far-reaching Complaint. Plaintiff's Amended Complaint should be stricken[1] as far beyond the scope of

---

[1]     L'Oreal requests leave to file a responsive pleading to Plaintiff's Amended Complaint in the event that its Motion to Strike is denied.

amendment permitted by this Court, as posing undue prejudice to the defendants, and as a futile attempt to state claims that Plaintiff cannot support.

## BACKGROUND

In March, 2002, Plaintiff filed a Complaint asserting two claims against Defendants, L'Oreal USA, Inc. ("L'Oreal"), The Wella Corporation, and Wella Personal Care of North America, Inc. stemming from their alleged use of her image on packaging and promotional materials for Ultra Sheen Supreme, a hair relaxer product. Plaintiff's Complaint alleged that her image was used on phone cards, magazines, posters, point of purchase materials and the Internet beyond the terms outlined in the parties' agreement. (Complaint ¶ 13). The purported agreement attached to Plaintiff's Complaint provided compensation to Plaintiff for use of her image in the amount of $5,000. (Complaint, Ex. 1). Plaintiff asserted that the three defendants violated the Illinois Right of Publicity Act and the Lanham Trademark Act.

L'Oreal moved to dismiss. The Court granted L'Oreal's motion with respect to the Right of Publicity Act claim, but denied the motion with respect to the Lanham Act claim. (See October 30, 2002 Mem. Op. and Order, attached as Exhibit A hereto). Although the Court's opinion cast doubt on the viability of plaintiff's Lanham Act claim and observed the Complaint's "obvious deficiencies," the Court nevertheless permitted Plaintiff to proceed with her claim, reasoning that discovery would resolve the issue. (Id. at 8-10).

Plaintiff filed a motion to reconsider the dismissal of her Right of Publicity Act claim, which was denied. (See Plaintiff's Motion to Reconsider; Minute Order dated December 16, 2002, attached as Exhibit B hereto). The Court subsequently entered a discovery schedule and the parties proceeded with discovery, including briefing on discovery motions. (See, e.g., Minute Order dated December 16, 2002). Roughly two weeks before discovery was scheduled

to close, Plaintiff filed a Motion to Amend her Complaint to substitute a breach of contract claim for the Lanham Act claim asserted in Count II of her Complaint. (*See* Plaintiff's Motion to Amend Complaint, or Alternatively to Dismiss Count II). Alternatively, Plaintiff requested that Count II of her Complaint be dismissed. (*Id.*) This Court entered an Order denying Plaintiff's motion for leave to amend to add the breach of contract claim, but granting her request for alternative relief. (*See* Minute Order dated April 1, 2003, attached as Exhibit C hereto). The Court dismissed Plaintiff's Lanham Act claim with prejudice and entered judgment in favor of Defendants. (*Id.*)

Plaintiff appealed to the United States Court of Appeals for the Seventh Circuit. The only issue that plaintiff raised on appeal was whether the Copyright Act preempted the Illinois Right of Publicity Act. (*See* Brief of Appellant, Statement of Issues, p. 8). On appeal, plaintiff made no mention of, and did not refer to, the dismissal of her Lanham Act claim or the denial of leave to file her breach of contract claim. (*Id.*) The Seventh Circuit eventually vacated the dismissal of Plaintiff's Right of Publicity claim and remanded the case for further proceedings in this Court.

At a status hearing before this Court on August 12, 2005, Plaintiff made an oral motion for leave to amend her Complaint in order to clarify and streamline the issues in her Complaint. (Transcript of Proceedings on Aug. 12, 2005 was ordered but not received. L'Oreal will supplement as soon as the transcript is made available). After hearing the representations of Plaintiff's counsel, the Court granted Plaintiff leave to amend and entered a short discovery schedule. (*See* Minute Order dated August 12, 2005, attached as Exhibit D hereto). On August 22, 2005, Plaintiff filed her Amended Complaint, asserting four claims against seventeen defendants. Count I of Plaintiff's complaint asserts the Right of Publicity Act claim at issue in

3

her appeal. The Amended Complaint includes three additional claims for breach of contract (Count II), alleged violations of the Lanham Act (Count III) and an action for an accounting (Count IV).

## ARGUMENT

### I. Plaintiff's Amended Complaint Should Be Stricken Because It Exceeds The Scope Of Plaintiff's Proposed Amendment.

Under the Federal Rules of Civil Procedure, failure to seek the required leave of court when adding new allegations is grounds for striking the new allegations. *Hellauer v. Nafco Holding Co., LLC*, 1998 U.S. Dist. LEXIS 12029 (E.D. Pa. July 28, 1998) (striking counterclaim that was broader than proposed counterclaim and disapproving of such "overlitigation and legal gamesmanship"). Indeed, sanctions may be entered against a plaintiff for filing an amended complaint that goes beyond the scope of the leave originally sought by the plaintiff. *Dover Steel Co. v. Hartford Accident and Indemnity Co.*, 151 F.R.D. 570 (E.D. Pa. 1993) (imposing sanctions against plaintiff for filing an amended complaint that went beyond the amendments the court granted plaintiff leave to file). In the *Dover* case, the court held that "the addition of one defendant, five new counts, and new legal theories far exceeded any reasonable construction of the scope of such leave." *Id.* at 574. In finding plaintiff's conduct violative of Rule 11, the court observed that "Dover's counsel's conduct in filing a complaint that was substantially different than the one it proposed when it moved for leave to amend is objectively unreasonable." *Id.* at 575.

Here, Plaintiff represented to the Court that her changes were intended merely to clarify the issues in her Complaint. (Trans. of Proceedings, to be provided). Plaintiff did not mention to this Court that fourteen new defendants would be named, including two European corporations. Nor did Plaintiff inform this Court that she would be filing three additional claims—two of

4

which plaintiff was attempting to revive from previous adverse rulings. Plaintiff likewise did not submit her Amended Complaint to the Court, which would have revealed that it includes new factual allegations and legal theories, comprising over 58 new paragraphs that were not contained in her original Complaint. To the contrary, Plaintiffs' representations upon which the Court relied in granting Plaintiff leave to amend suggested that she was going to narrow, rather than expand, the scope of her Complaint. As in *Dover*, there is no reasonable construction of the scope of the leave granted by this Court that permits such sweeping amendments. Plaintiff's Amended Complaint should be stricken in its entirety.

## II. Plaintiff's Amended Complaint Is Unduly Prejudicial Under *Foman* And Its Progeny.

Plaintiff's gamesmanship deprived this Court of the opportunity to consider the proposed changes and avoided the application of the *Foman* factors, which govern the determination of a motion for leave to amend under Rule 15. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Methodist Medical Ctr.*, 10 F.3d 1300, 1303 (7th Cir. 1993) (affirming denial of leave to amend). The Supreme Court held in *Foman* that amendments are not permitted where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or futility of amendment." *Foman*, 371 U.S. at 182; *Johnson*, 10 F.3d at 1303. Given the breadth of Plaintiff's Amended Complaint, it is not surprising that she did not submit it to the Court for consideration in connection with her motion for leave. As set forth below, Plaintiff's Amended Complaint does not and could not withstand scrutiny under the *Foman* factors. Plaintiff's Amended Complaint unduly prejudices the defendants and should be stricken as futile.

Courts have recognized that undue prejudice may be present when the amendment brings in new parties or new claims, would result in expensive and time-consuming new discovery, or

5

when the amendment would cause undue delay in the final disposition of the case. *A. Cherney Disposal Co. v. Chicago and Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1976). The presence of any one of these factors provides a sufficient basis upon which to deny leave to amend. *Id.* Together, they require it.

There can be no doubt that the addition of new allegations, causes of action, and fourteen new parties will cause delay in the disposition of the case and will require time-consuming and expensive discovery. *Merit Ins. Co. v. Colao*, 1986 U.S. Dist. LEXIS 17363 at *16 (N.D. Ill. Nov. 24, 1986) (noting that the amendment sought to add an entirely new claim that would result in expensive and time-consuming new discovery). By way of example only, Plaintiff's Amended Complaint alleges additional uses of her image. While the Complaint made no mention of such uses, the Amended Complaint alleges that her image was used in print-ads and on at least one semi-truck. (*C.f.* Amended Complaint ¶ 8 *with* Complaint ¶ 13). Moreover, Plaintiff named nine "product retailers" and one "product distributor" in the Amended Complaint, whereas the original Complaint was directed only to "product line owners." (Amended Complaint ¶¶ 22-75). The addition of product retailers will require discovery into the geographic reach of their businesses to determine whether allegedly infringing uses of Plaintiff's image took place in those markets and, if so, when. This could prove a significant task, as the new defendants are national retailers with their principal places of business located throughout the country. (Amended Complaint ¶¶ 36-75 (identifying Arkansas, Connecticut, Idaho, Illinois, Kansas, Minnesota, Ohio, Pennsylvania and Rhode Island)). Plaintiff's delay in filing her Amended Complaint might serve to complicate the task even further, as witnesses and documents may have been lost in the three years since Plaintiff first filed her Complaint. Likewise, the addition of new parties which sold different products at different points in time

will vary, at a minimum, the application of the applicable statutes of limitation. Plaintiff's Amended Complaint converts what was a straightforward right of publicity suit into a complicated and far-reaching dispute seeking to recover under four separate causes of action.

Clearly, the Amended Complaint makes more complicated the factual and legal issues involved in the case. L'Oreal should not have to accompany Plaintiff on a fishing expedition for the claim that will provide her with relief and incur the expense of doing so. *Johnson*, 10 F.3d at 1304 ("There must be a point at which a plaintiff makes a commitment to the theory of its case."). Plaintiff has had over three years to develop her theory of the case and the benefit of a ruling by the Seventh Circuit Court of Appeals to clarify the issues. It is simply too late to expand the scope of the litigation so drastically.

Because of the prejudice that results, courts routinely refuse amendments that change the scope of the litigation after remand from the appellate court. *See, e.g., Health Care Serv. Corp. v. Brown & Williamson Tobacco Corp.*, 208 F.3d 579 (7th Cir. 2000) (affirming denial of leave to amend after remand); *Ehret-Krohn Corp. v. Consolidated Bearings Co.*, 1991 U.S. Dist. LEXIS 1303 at *4-5 (N.D. Ill. 1991); *Vibrant Sales, Inc. v. New Body Boutique, Inc.*, 105 F.R.D. 553, (S.D.N.Y. 1985)(denying leave to amend complaint after remand from appellate court ); *see also R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749 752 (10th Cir. 1975)(permitting amendment after remand only where the "effect of the amendments was to refine the demands"). In *Ehret-Krohn*, for example, the plaintiff sought to amend its complaint to "clean up the pleadings." 1991 U.S. Dist. LEXIS 1303 at *2. The proposed amendment, however, placed significance on a matter irrelevant to the two claims that were remanded to the trial court. *Id.* The court ruled that it would be unfair to allow the plaintiff to change the basis of his action after years of litigation. *Id.* at *5.

Similarly, it would be unfair to permit Plaintiff in this matter to change the scope of the litigation after years of litigation. Where, as here, a considerable amount of time has passed between the filing of the complaint and the motion to amend, the burden is on the movant to show "some valid reason for [her] neglect and delay." *Merit Ins. Co.*, 1986 U.S. Dist. LEXIS 17363 at \*16 (denying leave to amend complaint on remand after appeal because plaintiff failed to justify delay). Plaintiff can offer no reason for her delay in asserting claims that could have been pled in the original complaint. For example, Plaintiff could have named Sprint as a defendant in her original Complaint when she alleged the improper use of her image on a phone card and attached a copy. (Complaint ¶ 13, and Ex. 2). There is no justification for such a delay where the facts were in plaintiff's possession long before she chose to amend. Plaintiff's unexplained delay in filing her Amended Complaint provides another basis on which to strike the Amended Complaint. *Johnson*, 10 F.3d at 1303; *Villa v. City of Chicago*, 924 F. 2d 629, 632 (7th Cir. 1991). Plaintiff's Amended Complaint would unduly prejudice the defendants because of the delay in filing, the addition of new parties and claims, and the expense and time that would be required in discovery on those claims. Plaintiff's Amended Complaint should be stricken.

## III. Plaintiff's Amended Complaint Is Futile.

Even if Plaintiff's Amended Complaint were timely filed and did not significantly expand the scope of the litigation, it should be stricken for its futility. Plaintiff has waived her rights to pursue claims based on breach of contract and under the Lanham Act and failed to state a claim for an accounting in Count IV that could withstand a motion to dismiss.

### A. Plaintiff Waived her Breach of Contract and Lanham Act Claims.

When this case was remanded by the Seventh Circuit, the only claim pending was Plaintiff's claim under the Illinois Right of Publicity Act. Plaintiff's Lanham Act claim was previously dismissed with prejudice by this Court, and Plaintiff was previously denied leave to

8

file her breach of contract claim. (*See* Minute Order dated April 21, 2003). These claims "[c]annot be suddenly transformed into a proper claim for relief by simply restating [them]." *Merit Ins. Co.*, 1986 U.S. Dist. LEXIS 17363 at *14 (denying motion to amend count that was substantially similar to count in original complaint, which was previously dismissed and not challenged on appeal); *Hester v. International Union of Operating Engineers*, 941 F.2d 1574, 1578 (11th Cir. 1991) (affirming denial of amendment that attempted to resurrect previously dismissed claim).

Plaintiff did not appeal the dismissal with prejudice of her Lanham Act claim,[2] or the district court's denial of leave to file her breach of contract claim. By failing to appeal these rulings of the district court, Plaintiff has waived her claims. *United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) ("any issue that could have been but was not raised on appeal is waived and thus not remanded"); *International Marketing, Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 733 (7th Cir. 1999) (finding waiver of claims and noting "litigants gamble when they ask a district court to dismiss live claims"); *Robin v. ESPO Engineering Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000)(plaintiff's "claim that he pursued before the district court was not raised in his briefs submitted on appeal and, is thus abandoned"); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1991) (failure of a litigant to support an argument on appeal "forfeits the point"); *Lim v. Trustees of Indiana University*, 297 F.3d 575, 581 (7th Cir. 2002) (failure to argue claim on appeal waives that claim or series of claims); *Beauchamp v. City of Noblesville, Indiana*, 320 F.3d 733, 742 (7th Cir. 2003) (by not advancing arguments in its appeal, appellant abandons "all issues" that may have been asserted below). Plaintiff has

---

[2] It is of no moment that Plaintiff does not assert her Lanham Act claim against L'Oreal. (Amended Complaint at p. 11). L'Oreal will nevertheless have to incur significant cost and expense associated with discovery on Plaintiff's Lanham Act claim with respect to the other defendants.

waived[3] any rights to those claims and this Court's previous determinations of those claims must stand. Counts II and III of the Amended Complaint must be stricken for futility.

## B. Plaintiff Failed to State a Claim for an Accounting.

Plaintiff's claim for an accounting likewise fails for futility and should be dismissed. Generally, the lack of an adequate legal remedy is the essential prerequisite to an accounting claim. *3Com Corp. v. Electronic Recovery Specialists, Inc.*, 104 F. Supp. 2d 932, 941 (N.D. Ill. 2000). The exception is where the accounting claim is based on a breach of a fiduciary duty. Plaintiff's Amended Complaint demonstrates that she cannot state a claim for an accounting. It is well-settled that the pleading of a breach of contract claim serves as a concession on plaintiff's part that an adequate legal remedy exists. *Id.; see also Oil Express National, Inc. v. Latos*, 966 F. Supp. 650, 652 (N.D. Ill. 1997). Plaintiff also failed to plead the existence of a fiduciary duty. Plaintiff alleges that the purported agreement between the parties gave rise to a fiduciary obligation. (Amended Complaint ¶ 86). Parties to a contract are not each other's fiduciaries, however. *Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 280 (7th Cir. 1992); *see also Oil Express National, Inc.*, 966 F. Supp. at 652. Merely characterizing the parties' obligations under an alleged contract as "fiduciary" in nature does not suffice. *3Com Corp.*, 104 F. Supp. 2d at 941. Plaintiff's accounting claim must fail because she

___

[3] Even if Plaintiff had not waived her claims, the law of the case doctrine dictates that she cannot maintain them. Under the law of the case doctrine, courts will not reopen issues decided in earlier stages of the same litigation. *Hinkle Eng'g, Inc. v. 175 Jackson L.L.C.*, 2002 U.S. Dist. LEXIS 19420 (N.D. Ill. 2002); *T.P. Crigler v. Axia Inc.*, 735 F. Supp. 868 (N.D. Ill. 1990)(complaint dismissed where cause of action was identical to one previously dismissed); *see also Disimone v. Browner*, 121 F.3d 1262 (9th Cir. 1997)("the doctrine is grounded in the need for litigation to come to an end . . . No litigant deserves an opportunity to go over the same ground twice, hoping the passage of time or changes in the composition of the court will provide a more favorable result a second time"). Plaintiff's attempts to pursue Lanham Act and breach of contract claims previously failed. The remand by the Seventh Circuit does not give her a second bite at the apple when she failed to appeal the adverse rulings on her Lanham Act and breach of contract claims.

10

cannot plead either the absence of an adequate legal remedy, or the existence of a fiduciary relationship between the parties.

## CONCLUSION

Plaintiff's Amended Complaint should be stricken in its entirety because it goes well beyond the leave to amend granted by this Court. The Amended Complaint must also be stricken because of the undue prejudice to the defendants that would result and the futility of permitting Plaintiff's "new" claims to proceed. Plaintiff waived two of the three "new" causes of action, and failed to state a claim under the third. The Amended Complaint cannot survive.

DATED:     September 19, 2005

Respectfully submitted,

L'OREAL USA, INC.

One of the Attorneys for Defendant,
L'Oreal USA, Inc.

John S. Letchinger (No. 6207361)
Joshua L. Smith (No. 6238128)
Melissa S. Skilken (No. 6270626)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000
Facsimile: (312) 201-2555

# EXHIBIT A

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3002 | **DATE** | 10/30/2002 |
| **CASE TITLE** | JUNE TONEY vs. L'OREAL USA,INC.,et al | | |

**MOTION:**   [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted in part and denied in part. [7-1 & 9-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | NOV 01 2002 | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| TBK | courtroom deputy's initials | | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUNE TONEY,                                    )
                                               )
          Plaintiff,                           )
                                               )
     v.                                        )
                                               )     No. 02 C 3002
L'OREAL USA, INC., THE WELLA,                  )
CORPORATION, and WELLA                         )     Honorable Ronald A. Guzman
PERSONAL CARE OF NORTH                         )
AMERICA, INC.                                  )     Hon. Ian H. Levin, Magistrate
                                               )
          Defendants.                          )

## MEMORANDUM OPINION AND ORDER

Plaintiff, June Toney, filed a complaint asserting two claims against Defendants,

Wella Corporation, Wella Personal Care of North America, and L'Oreal USA, Inc.

stemming from their alleged use of her image on packaging and promotional materials for

a consumer product. Toney contends that defendants' use of her image (1) violated her

publicity rights under the Illinois' Right of Publicity Act, 765 ILCS 1075/1 et seq., and

(2) violated the Lanham Trademark Act of 1946, 15 U.S.C. § 1125(a). In response,

defendant, L'Oreal filed a motion to dismiss plaintiff's complaint. Defendants, the Wella

Corporation and Wella Personal Care of North America, Inc. substantially joined in

L'Oreal's motion. For the reasons set forth in this opinion, defendants' motion to dismiss

plaintiff's complaint is granted in part and denied in part.

Plaintiff, an Illinois resident, is a model who has appeared in print advertisements,

commercials, and runway shows. Complaint ¶2. A picture of Plaintiff appeared on the package of a hair relaxer product called "Ultra Sheen Supreme." Complaint ¶13, Exhs. 2-5. Plaintiff authorized Johnson Products to use her likeness on the Ultra Sheen Supreme relaxer product from November 1995 until November of 2000. *Id.* at ¶2. In August 2000, L'Oreal acquired the Ultra Sheen Supreme line of products from Carson Products Company, which had previously acquired the Ultra Sheen Supreme line from Johnson Products. Complaint ¶5. On or about December 2000, Wella purchased and assumed control of the Ultra Sheen Supreme line and brand from L'Oreal. Complaint ¶10. As alleged in the complaint, L'Oreal has not controlled the Ultra Sheen Supreme product since the line and brand were sold in December 2000. *Id.* ¶10.

Plaintiff approved the use of her likeness in connection with the packaging and promotion of the Ultra Sheen Supreme relaxer product through written authorization. Complaint ¶11-12. The purported agreement authorized a five year exclusive period whereby Plaintiff would not allow her likeness to be used on any other relaxer product packaging, and a similar one year period for national magazines. *Id.* Other uses of Plaintiff's likeness were allowed and envisioned by the purported agreement, but the fee payable to plaintiff was to be negotiated separately. *Id.* Plaintiff now alleges that Defendants used her likeness in connection with the packaging and promotion of the Ultra Sheen Supreme relaxer product beyond the period of time she gave authorization for.

In ruling on a motion to dismiss, a court must presume all of the well-pleaded allegations of the complaint to be true. *Mariee v. DeKalb County*, 433 U.S. 25, 27 n.2

(1977). A court must view those allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. Of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Federal Rules of Civil Procedure 12(b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## A. COUNT I

The Plaintiff argues that Defendants violated her publicity rights under the Illinois Right of Publicity Act, 765 ILCS 1075/1 et seq. ("Publicity Act). The Publicity Act allows an individual the "right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 ILCS 1075/10. Furthermore, the Publicity Act provides that " a person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person...or their authorized representative." 765 ILCS 1075/30. Section 301 of the Copyright Act expresses two conditions necessary to provide copyright preemption of such publicity rights: (1)The work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in §102 of the Copyright Act; (2) The right must be equivalent to one of the rights specified in §106. *Baltimore Orioles, Inc, v. Major League Baseball Players Association*, 805 F.2d 663, 674 (7th Cir. 1986); *Brode, Jr. v. Tax Management, Inc.*, 14 U.S.P.Q.2d 1195, 1202 (N.D. Ill. 1990). Defendants assert that both such conditions are satisfied and therefore Plaintiff's claim must be dismissed. This Court finds that the Defendants are correct in their assertion.

Plaintiff's likeness was fixed in a tangible form and comes within the subject

matter of copyright pursuant to Section 102. According to Section 101 of the Copyright Act, a

> work is "fixed" in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced or otherwise communicated for a period of more than transitory duration.

A work is "fixed" if a plaintiff has consented to it. *Ahn v. Midway Manufacturing Co.*, 965 F.Supp. 1134, 1138 (N.D. Ill. 1997). In *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, the court held that the performances of baseball players were "fixed" in tangible form because the performances were embodied in a videotape copy which could be communicated indefinitely. *Glovaroma, Inc. v. The Zappa Family Trust*, No. 96 C 3985, 1998 U.S. Dist. LEXIS 2399, at *16 (N.D. Ill. Feb. 25, 1998). Likewise, this Court also finds that plaintiff's likeness was "fixed" in tangible form. Plaintiff's likeness was photographed under her authority. Plaintiff's likeness was embodied in a photograph copy. Plaintiff's likeness was sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated indefinitely.

Plaintiff's publicity rights are equivalent to one of the rights specified in §106 of the Copyright Act. Section 106 of the Copyright Act grants the owner of a copyright the exclusive right to reproduce, distribute, display, perform and prepare derivatives of the copyrighted work. 17 U.S.C. 106. The right of publicity is equivalent to one of the rights in section 106 because it is infringed by distributing or preparing distributive works. *Zappa*, 1998 U.S. Dist. LEXIS 2399 at *17. *See also. Ahn*, 965 F. Supp. at 1138. Furthermore, in *Glovaroma v. Zappa*, the district court held that the plaintiff's right to publicity was equivalent to one of the rights in section 106 because it was infringed by

distributing or preparing derivative works. *Id.* at *17-18. Likewise, this Court finds that plaintiff's right to publicity in her photographed likeness is equivalent to one of the rights in section 106 because it could be infringed by distributing or preparing distributive works.

Accordingly, because both conditions mandated by the Copyright Act for preemption have been satisfied, Count I of plaintiff's claim under the right of publicity is preempted, and, therefore, dismissed. Plaintiff can not prove any set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957.

Alternatively, the Defendants argue that Plaintiff's claim under the Illinois Right of Publicity Act should be dismissed because it is time barred by a one year statute of limitations. This Court rejects such argument. Defendants, try to equate the Illinois Right of Publicity Act with the right of privacy which has a one year statute of limitations. However, these two rights are clearly different. "It is true that the rights of publicity and of privacy evolved from similar origins; however, whereas the right of privacy protects against intrusions on seclusion, public disclosure of private facts, and casting an individual in a false light in the public eye, the right of publicity protects against the unauthorized exploitation of names, likenesses, personalities, and performances that have acquired value for the very reason that they are known to the public." *Baltimore Orioles*, at 678. The Illinois Right of Publicity Act does not explicitly, within the statutory provisions of the Act, provide for a statute of limitations. Because there is no statute of limitation explicitly specified within the confines of the Act, this Court finds that the statute of limitations that applies in this instance is 735 ILCS 5/13-205, which provides a five-year period to commence civil actions related to, among

other things, injury done to real or personal property and also, civil actions not otherwise provided for. Plaintiff alleges that Wella purchased the Ultra Sheen Supreme line and brand from L'Oreal on or about December 2000. Plaintiff filed her complaint on March 20, 2002; which is clearly within the time frame mandated by the five year statute of limitations applicable here.

## B. COUNT II

Plaintiff argues that Defendants unfairly competed with "her right to control the use of her likeness for commercial purposes in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1125(a)." Section 43(a) of the Lanham Act "is an appropriate vehicle for the assertion of claims of falsely implying the endorsement of a product or service by a real person." *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. 1992). Under Section 43(a) of the Lanham Act, a defendant may be liable for unfair competition if he makes false representations concerning the origin, association or endorsement of goods or services through the wrongful use of another's *distinctive mark, name, trade dress, or other device* (otherwise known as 'false association' or 'false endorsement'). *L.S. Heath & Son, Inc. v. AT &T Information Sys., Inc.*, 9 F.3d 561, 575 (7th Cir. 1993). To prevail on a claim under Section 43(a), Plaintiff must establish that the item for which she seeks protection, namely her image, "has either acquired secondary meaning or is inherently distinctive." *Door-Oliver, Inc. v. Fluid-Quip, Inc.*, 94 F.3d 376, 380 (7th Cir. 1996). *See also. Production Contractors, Inc. v. WGN Continental Broadcasting Co.*, 622 F.Supp. 1500, 1504 (N.D. Ill. 1985); *McMahon v. City of Chicago*, No. 98 C 8026, 1999 U.S. Dist. LEXIS 7964, at *4, 8-9 (N.D. Ill. May 14, 1999). Moreover, the plaintiff alleging unauthorized use of her likeness must show that her likeness was recognizable. *Pesina v.*

*Midway Manufacturing Co.*, 948 F.Supp. 40, 42 (N.D. Ill. 1996).

Taking the Plaintiff's allegations as true, that is, that "Johnson Products and its successors, Defendants L'Oreal and Wella, have used and continue to use Ms. Toney's likeness on Ultra Sheen relaxer packaging and in other media, including phone cards, magazines, posters, point of purchase materials and the Internet, beyond the terms outlined in Ms. Kriz's letter," it is still unclear at this stage of the litigation whether Plaintiff is widely known or that her image has attained secondary meaning. Complaint ¶13. All that Plaintiff has established is that she has been in some print advertisements, commercials, and runway shows.

Furthermore, and specifically in this case, in order to prevail on a claim under Section 43(a) Plaintiff must show that (1) Defendants made false representations about Plaintiff's endorsement or association of the Ultra Sheen Supreme product; (2) the misrepresented product travels in interstate commerce; (3) the misrepresentations are likely to deceive a substantial segment of the intended audience as to the source or sponsorship of the product; and (4) the misrepresentations are material, in that they are likely to cause injury. *McMahon*, 1999 U.S. Dist. LEXIS 7964, at *6. *See also, Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999); *American Broadcasting Co. v. Maljack Prods., Inc.*, 34 F. Supp 2d 665, 677 (N.D. Ill. 1998); *Brandt Consolidated, Inc. v. Agrimar Corp.*, 801 F.Supp. 164, 174 (C.D. Ill. 1992).

It is also unclear whether Plaintiff has established that Defendants made false representations about Plaintiff's endorsement or association of said products. In *L.S. Heath & Son, Inc. v. AT&T Information Sys., Inc.*, the court affirmed the district court's holding that rejected the plaintiff's (Heath's) false endorsement claim on the ground that

Heath consented to AT&T's association with Heath in an advertisement. *L.S. Heath & Son, Inc.*, 9 F.3d at 575. It appears that Plaintiff, through written authorization gave Defendants permission to use her image in connection with the Ultra Sheen Supreme product and therefore, the representation cannot, as a matter of law, be false. Discovery will reveal the extent of this authorization.

Plaintiff has not set forth facts to support the conclusion that a substantial segment of the intended audience would believe that Plaintiff endorsed said product solely on the use of her image either. In *Pelton v. Rexall Sundown, Inc.*, the court held that "one appearance in a Sports Illustrated Swimsuit Issue in 1984 and some advertising work for well-known consumer products does not deliver celebrity status." No. 99 Civ. 4342 (JSM), 2001 U.S. Dist. LEXIS 3825, at *7-10 (S.D.N.Y. Apr. 2, 2001). Plaintiff must show that she was a "celebrity" when the Defendants used her persona, name, and likeness; otherwise, her identity does not constitute an economic interest protectable under the Lanham Act. *Pesina*, 948 F.Supp. at 43. This Court questions whether Plaintiff is of celebrity status but discovery will resolve this material fact also. Plaintiff herself does not allege or establish that she is recognizable.

Despite such obvious deficiencies we take the allegations of Plaintiff's complaint as true and concluded that sufficient facts support Plaintiff's Lanham Act claim. Therefore, Defendants' motion to dismiss Count II is denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted in part and denied in part (#7-1, #9-1).

SO ORDERED.

ENTERED: 10/30/02

Honorable Ronald A. Guzman
U.S. District Judge

# EXHIBIT B

Michael W. Dobbins                                    Office of the Clerk
    CLERK


      John Sheldon Letchinger
      Wildman, Harrold, Allen & Dixon
      2800
      225 West Wacker Drive
      Suite 2700
      Chicago, IL  60606-1229


-------  ------------------------------------------------------------------------

    Case Number:  1:02-cv-03002     Other Court No: 02 L 003446


    Title:  Toney v. L'Oreal USA Inc

Assigned Judge: Honorable Ronald A. Guzman


MINUTE ORDER of 12/16/02 by Hon. Ronald A. Guzman :
Plaintiff's motion to reconsider its ruling of 10/30/02
[23-1] is denied for the reasons stated in open court.
Plaintiff's request for extension of discovery is granted.
All discovery closes 3/31/03. Status hearing set for
04/04/03 at 9:30 a.m. Defendants given leave to file
answers to count 2 by 12/17/02. (Entered Order). Mailed
notice


This docket entry was made by the Clerk on December 18, 2002


ATTENTION:  This notice is being sent pursuant to Rule 77(d) of the
            Federal Rules of Civil Procedure or Rule 49(c) of the Federal
            Rules of Criminal Procedure.  It was generated by ICMS,
            the automated docketing system used to maintain the civil and
            criminal dockets of this District.  If a minute order or
            other document is enclosed, please refer to it for
            additional information.

For scheduled events, motion practices, recent opinions and other information,
visit our web site at www.ilnd.uscourts.gov

Check our web site for CourtWeb--a concise listing of rulings by judges.
Check for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
service--to receive e-mail notification of CourtWeb postings.

To apply for a PACER account, call 1.800.676.6856

# EXHIBIT C

Michael W. Dobbins                                          Office of the Clerk
    CLERK


        John Sheldon Letchinger
        Wildman, Harrold, Allen & Dixon
        2800
        225 West Wacker Drive
        Suite 2800
        Chicago, IL  60606-1229



------------------------------------------------------------------------------

        Case Number:  1:02-cv-03002     Other Court No: 02 L 003446


        Title:   Toney v. L'Oreal USA Inc

Assigned Judge: Honorable Ronald A. Guzman


MINUTE ORDER of 4/1/03  by Hon. Ronald A. Guzman :
Plaintiff's motion to amend complaint is denied [35-1].
Plaintiff's alternative motion to dismiss count II is
granted and dismissal is with prejudice [35-2]. This is a
final and appealable order, terminating case. Mailed
notice


This docket entry was made by the Clerk on April 7, 2003

ATTENTION:   This notice is being sent pursuant to Rule 77(d) of the
             Federal Rules of Civil Procedure or Rule 49(c) of the Federal
             Rules of Criminal Procedure.   It was generated by ICMS,
             the automated docketing system used to maintain the civil and
             criminal dockets of this District.   If a minute order or
             other document is enclosed, please refer to it for
             additional information.

For scheduled events, motion practices, recent opinions and other information,
visit our web site at www.ilnd.uscourts.gov

Check our web site for CourtWeb--a concise listing of rulings by judges.
Check for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
service--to receive e-mail notification of CourtWeb postings.

To apply for a PACER account, call 1.800.676.6856

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 2.4
### Eastern Division

June Toney

                     Plaintiff,

v.                                          Case No.: 1:02−cv−03002
                                            Hon. Ronald A. Guzman

L'Oreal USA, Inc., et al.

                     Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 12, 2005:

    MINUTE entry before Judge Ronald A. Guzman :Status hearing held on 8/12/2005. Amended complaint to be filed on or before 9/2/2005. Defendants to answer or otherwise plead on or before 9/19/05. Discovery ordered closed by 2/8/2006. Status hearing set for 11/9/2005 at 09:30 AM.In court notice(cjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

## CERTIFICATE OF SERVICE

I, Melissa S. Skilken, an attorney, certify that on this 19th day of September, 2005, a true and correct copy of the above and foregoing: **Defendant L'Oreal USA Inc.'s Notice of Motion and Motion to Strike Plaintiff's Amended Complaint and Memorandum in Support**, was served upon the following attorneys of record via Messenger delivery:

Thomas J. Westgard, Esq.
Attorney at Law
7009 North Glenwood Ave.
Chicago, IL 60626

Daniel M. Feeney, Esq.
Miller Shakman & Hamilton
208 S. LaSalle St.
Suite 1100
Chicago, IL 60604

(Via U.S. Mail)

Robert H. Cohen
Beauty Enterprises, Inc.
150 Meadow Street
Hartford CT 06114

Melissa S. Skilken